UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

ASSURITY LIFE INSURANCE COMPANY )
)
)
)
      Plaintiff,                          )        Civil Action No
)
vs.                                       )
)
ESTATE OF JOHNNIE CHAPMAN III, and  )
DORIS CHAPMAN                        )
)
      Defendants.                      )

## COMPLAINT FOR RESCISSION AND DECLARATORY JUDGMENT

Plaintiff, Assurity Life Insurance Company ("Assurity") files this Complaint for rescission and declaratory relief against the Estate of Johnnie Chapman III and Doris Chapman, and alleges as follows:

### PARTIES

1. Assurity, at all relevant times, was and still is, an insurance company organized and existing under and by virtue of the laws of Nebraska with its principal place of business located in Lincoln, Nebraska.

2. Upon information and belief, Johnnie Chapman III, ("the Decedent") was a resident of Shelby County, Tennessee and died in Tennessee on or about March 29, 2015.

3. Upon information and belief, Doris Chapman, the mother of Johnnie Chapman, is a resident of Shelby County, Tennessee, and is the named beneficiary of an insurance policy originally issued to Johnnie Chapman.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. §1332.

5. The amount in controversy is in excess of the statutory requirement of $75,000 pursuant to 28 U.S.C. §1332(b).

6. Venue is appropriate before this Court, as the Defendant(s) reside in this Judicial District.

## FACTS

7. On or about May 19, 2014, Johnnie Chapman completed an Application for a policy of term life insurance with Assurity in the face amount of $250,000.00. A copy of the application is attached as Exhibit A.

8. The Application requires information as to the proposed insured's medical condition and asked the insured a number of pertinent questions, quoted below, to which Johnnie Chapman responded as also noted below:

**"Proposed Insured"**

Has the Proposed Insured ever used any form of tobacco or nicotine-based products, or substitutes such as patches or gum?"

**Answer: No.**

**"Health Section"**

1. Has any Proposed Insured ever consulted with or been diagnosed, treated, hospitalized or prescribed medication by a medical professional for any of the following:

   (f) dizziness, fainting spells, anxiety, depression, eating disorders, or any other psychological or emotional disorder;

   **Answer: No.**

   (j) Any other illness or injury requiring medical attention or blood transfusion?

   **Answer: No.**

2. During the past 5 years, has the Proposed Insured:

   (a) Been a patient in any hospital, clinic, dependency program, half way house, or other medical facility?

   **Answer: No.**

   (b) Used controlled substances such as cocaine, heroin, amphetamines, barbiturates, hallucinogens, or any other controlled substance not prescribed by a physician?

   **Answer: No.**

   (c) Been treated by a physician, or advised by a physician to seek treatment, for drug or alcohol use?

   **Answer: No.**

   (e) Had any special examinations or laboratory tests such as X-rays, electrocardiograms, blood tests (other than AIDS-related blood tests) or urine tests?

   **Answer: No.**

9. The statements, representations and answers in the Application were made by Johnnie Chapman for the purpose of inducing Assurity to issue a policy of life insurance to him.

10. In reliance on the statements, representations and answers made by Johnnie Chapman in the Application including the answers quoted above, Assurity issued Johnnie Chapman Life Insurance Policy No. 4350606585 (the "Policy"), with an issue date of July 2, 2014.  A copy of the Application containing the answers given by Johnnie Chapman was attached to and made a part of the Policy.  (Exhibit A)

11. The policy was issued and delivered in the State of Tennessee.

12. Doris Chapman and Johnnie Chapman acknowledged delivery of the policy and further acknowledged by signing their names below the following statement:

I further acknowledge and agree:

1. The policy is effective as of the date of issue only if:

    a. Payment of the initial premium occurs during my

       lifetime, and

    b. The answers on the application are true, complete and
       accurate as of the date below.

2. The answers on the application are true, complete and
   accurate as of the date below.

(See Delivery Acknowledgment And Agreement attached as Exhibit B)

13. Johnnie Chapman died within the contestable period specified in the Policy.

14. The Shelby County Medical Examiner reported Johnnie Chapman's death was caused by combined drug toxicities, including, heroin, fentanyl, cocaine and alprazolam.

15.  On or about March 30, 2015, Assurity received notice of Johnnie Chapman's death.

15. On or about April 16, 2015, Assurity received Defendant's initial claim for life insurance benefits under the Policy.

16. In reviewing the claim, Assurity discovered that Johnnie Chapman had made false statements, misrepresentations and omissions of material fact in the Application, including but not limited to the questions regarding his health history detailed hereinabove.

17. Among other things, as part of its investigation of the claim, Assurity obtained some of the decedent's medical records. The medical records contained the following information:

(a) Johnnie Chapman presented to the Regional Medical Center on September 30, 2011, for treatment concerning an overdose of Xanax. The records reflect that Mr. Chapman stated that he took Xanax, Lortab and Percocet. Mr. Chapman reported he was an addict. Mr. Chapman was counseled regarding his drug abuse.

(b) Johnnie Chapman presented to Methodist South on August 17, 2011 for treatment following an assault. In giving his medical history, Mr. Chapman reported the use of tobacco products, cocaine and marijuana and was diagnosed with "Cocaine Abuse", "Cannabis abuse" and "Tobacco use disorder".

18. Additional bases for the rescission of the subject policy may exist as discovery is ongoing and the foregoing is not to be considered an exhaustive list of bases for rescission.

19. Johnnie Chapman did not disclose his history of drug abuse in the Application, despite specific questions that required disclosure of such information.

20. The false statements, misrepresentations and omissions of material facts made by Johnnie Chapman, in the Application were material to the risk and the subject matter of the

insurance contract. Had Johnnie Chapman disclosed such information, Assurity would not have issued the policy of insurance pursuant to its underwriting standards.

21. Assurity justifiably relied on the false statements, misrepresentations and omissions of material fact made by Johnnie Chapman in the Application.

22. By letters dated September 1, 2015, Assurity notified Defendant Doris Chapman that Assurity would not have issued the Policy had it known the truth and that the Policy was void from issuance, subject to receiving written explanation by October 5, 2015. (See enclosed letter attached as Exhibit C.)

23. Defendant did not respond to the letter by the appointed date and therefore, on October 7, 2015, Assurity advised the Defendants it considered the Policy terminated and provided a check in the amount of $351.54, thereby refunding all premiums paid on the Policy. (See Exhibit D.)

24. On or about October 26, 2015, Assurity received a demand for payment of the policy proceeds from Defendant Doris Chapman, by and through her attorney, Chad Boonswang.

## DECLARTORY JUDGMENT AND RECISSION

25. Assurity incorporates the allegations set forth in all prior paragraphs as though fully set forth herein.

26. Assurity asserts that because the Policy was issued on the basis of material misrepresentations and omissions of material facts made by Johnnie Chapman, the Policy is void ab initio.

27. Accordingly, Assurity seeks a declaration from the court that the Policy is void ab initio and that Assurity has no liability on the Policy to anyone, including Defendants.

WHEREFORE, Assurity requests that the court enter judgment:

1.      Declaring the subject Policy rescinded and void ab initio due to the material misrepresentations and omissions of material facts made by Johnnie Chapman as part of and in the Application;

2.      Awarding Assurity its reasonable attorney's fees, costs and disbursements in this action; and

3.      Granting Assurity such other and further relief as the court deems just and proper.

Respectfully submitted,

BURCH, PORTER & JOHNSON, PLLC


__/s/ Molly A. Glover_____
MOLLY A. GLOVER (#16113)
130 North Court Ave.
Memphis, Tennessee 38103
mglover@bpjlaw.com
T: (901) 524-5000
F: (901) 524-5024
mglover@bpjlaw.com