# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| ASSURITY LIFE INSURANCE COMPANY | : |
| Plaintiff, | : Civil Action No. 2:16-cv-02196-STA-dkv |
| v. | : |
| DORIS CHAPMAN and ESTATE OF JOHNNIE CHAPMAN, III | : |
| Defendants. | : |

## MOTION TO SET ASIDE DEFAULT

COMES NOW, Defendants, Doris Chapman and the Estate of Johnnie Chapman, by and through their undersigned counsel, and pursuant to Fed. R. Civ. P. 60(b) move to set aside the Clerk's Entry of Default Judgment in the above-captioned matter.

1. On or about August 11, 2016, Plaintiff, Assurity Life Insurance Company ("Assurity"), filed a Motion for Default against Defendants Doris Chapman ("Ms. Chapman") and the Estate of Johnnie Chapman, III ("the Estate") based on their not having answered a Complaint served on Doris Chapman on or about April 26, 2016.

2. Since October, 2015, counsel for Ms. Chapman was in the process of negotiating a settlement regarding her outstanding claim for life insurance benefits with counsel for Assurity, Molly Glover, Esquire.

3. Attorney Glover confirmed a settlement offer as recently as September 7, 2016 in the amount of $5,000 to counsel for Ms. Chapman which was conveyed to Ms. Chapman.

4.	While counsel for Ms. Drane was negotiating the attempted resolution of the outstanding claim against Assurity, counsel became aware of the involvement of Scottsdale Indemnity Company ("Scottsdale"), the Errors and Omissions carrier for Assurity agent Lorraine Drane.

5.	Ms. Drane was the agent who sold the at-issue life insurance policy to Johnnie Chapman, III.

6.	Counsel for Scottsdale, Mark Giacopelli, Esquire, indicated that Scottsdale would consider an offer of settlement in the matter but only after hearing from Assurity regarding its settlement offer.

7.	While Ms. Chapman was still in the process of deciding whether to accept or reject Assurity's offer, and with no offer proffered by Scottsdale to Ms. Chapman, the Clerk of Court entered a Default Judgment against Doris Chapman and the Estate of Johnnie Chapman on September 8, 2016.

8.	Fed.R.Civ.P. 60 permits, *inter alia*, relief from a judgment or order based on clerical mistakes, oversights, and omissions.

9.	The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record.

10.	Due to the mistake, inadvertence, surprise, and/or excusable neglect in this matter, Ms. Chapman and the Estate move to set aside the default entered by the Clerk of Court due to the foregoing circumstances which demonstrate grounds for justifiable relief from the order, and said Motion is being made within a reasonable time after the entry.

WHEREFORE, PREMISES CONSIDERED, Doris Chapman and move this Honorable Court to set aside the default judgment in the above-captioned matter and enter the attached form of Order.

Respectfully submitted,

BOONSWANG LAW FIRM

s/ Chad G. Boonswang_____
Chad G. Boonswang (admitted *Pro Hac Vice*)
1500 Sansom St.
Suite 200
Philadelphia, PA  19102
Tel. 215.940.8900
Fax 215.974.7800
Email:  chad@boonswanglaw.com
Attorney for Doris Chapman and the Estate
of Johnnie Chapman, III

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on September 27, 2016, a true and correct copy of the foregoing document was served via electronic means through the Court's ECF System to:

Molly Glover, Esquire
BURCH, PORTER & JOHNSON, LLC
130 N. Court Ave.
Memphis, TN  38103
Attorney for Assurity Life Insurance Company

s/ Chad G. Boonswang_____
Chad G. Boonswang