# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| ASSURITY LIFE INSURANCE COMPANY )<br>)<br>)<br>)<br>     Plaintiff, )<br>)<br>vs. )<br>)<br>ESTATE OF JOHNNIE CHAPMAN III, and )<br>DORIS CHAPMAN )<br>)<br>     Defendants. ) | Civil Action No: 2:16-cv-02196-STA-dkv |

## ORDER DENYING DEFENDANTS' MOTION TO
## SET ASIDE ENTRY OF DEFAULT

Before the Court is the motion to set aside default filed by Defendants Estate of Johnnie Chapman III and Doris Chapman. (ECF No. 25.) Plaintiff Assurity Life Insurance Company has responded to the motion and opposes the relief sought. Because Defendants have not shown good cause to set aside the default, the motion is **DENIED**.

On March 28, 2016, Plaintiff filed a complaint for rescission and declaratory judgment against Defendants, seeking to void the life insurance policy that it had issued to the decedent, Johnnie Chapman III. (ECF No. 1.) Defendant Doris Chapman was personally served with a copy of the summons and complaint on April 26, 2016 (ECF No. 6), and the Administrator Ad Litem for the Defendant Estate was personally served on June 30, 2016. (ECF No. 13-3.)

On May 26, 2016, Plaintiff assisted Mrs. Chapman with filing a motion for extension of time in which to file an answer or otherwise plead. (ECF No. 7.) The motion stated that

> Defendant Doris Chapman has contacted Chad Boonswang, counsel from
> Philadelphia, Pennsylvania to advise her on these proceedings but, according to

1

> Mr. Boonswang, she has not yet retained counsel admitted to practice in the Western District of Tennessee. Mr. Boonswang is assisting Defendant in her efforts to retain local counsel and has not yet determined if he will be counsel of record in this matter for purposes of ECF filings or otherwise. He has contacted counsel for Plaintiff and requested this extension to avoid Defendant being defaulted.

(Mot. p. 1 n. 1, ECF No. 7.) The Court granted the motion, and Mrs. Chapman was given until June 27, 2016, to file an answer or other responsive pleading. (ECF No. 8.)

No answer was filed within the requisite time; therefore, the Court entered an order requiring the parties to submit a status report on July 22, 2016. (ECF No. 11.) On August 4, 2016, the Court entered an order to show cause (ECF No. 12) and set a hearing for September 8, 2016. (ECF Nos. 16, 17.) The affidavit of Plaintiff's attorney, Molly Glover, states that she forwarded the order to show cause to Mr. Boonswang. (ECF No. 13-3.) Mr. Boonswang responded by leaving Ms. Glover a voice mail on August 9, 2016, asking her to advise the Court that he needed ten additional days in which to continue his efforts to settle this matter. (*Id.*)

On August 29, 2016, nearly five months after the complaint was filed, more than sixty days after the answer was due, and twenty days after Mr. Boonswang's message that he needed ten more days, Plaintiff requested entry of default from the Clerk of the Court. (ECF No. 19.) Default was entered on September 8, 2016. (ECF No. 20.)

Defendants filed their motion to set aside the default nineteen days later, on September 27, 2016. (ECF No. 25.) As grounds, Defendants state that Mr. Boonswang, counsel for Mrs. Chapman, had been working with Ms. Glover, Plaintiff's attorney, since October 2015 trying to negotiate a settlement and had received a settlement offer from Ms. Glover as recently as September 7, 2016. (Mot. ¶¶ 2, 3.) During settlement negotiations with Ms. Glover, Mr. Boonswang became aware of the involvement of Scottsdale Indemnity Company, an indemnity company for Plaintiff, and attempted to negotiate a settlement with that company. (*Id.* at ¶¶ 4 -

2

7.)  However, at the time of the entry of default, "Ms. Chapman was still in the process of deciding whether to accept or reject Assurity's offer," and "no offer [had been] proffered by Scottsdale to Ms. Chapman."  (*Id.* at ¶ 7.)  Defendants contend that the fact that they were attempting to negotiate a settlement at the time of the entry of default is "grounds for justifiable relief from the order." (*Id.* at ¶ 10.)

Under Rule 55(c) of the Federal Rules of Civil Procedure, a "court may set aside an entry of default for good cause."  Three factors are relevant to the determination of whether "good cause" exists to set aside an entry of default: (1) whether culpable conduct of the defendant led to the default; (2) whether the defendant has a meritorious defense; and (3) whether the plaintiff will be prejudiced.[1]  Although "[a]ll three factors must be considered in ruling on a motion to set aside an entry of default," when a defendant has a meritorious defense and the plaintiff would not be prejudiced, "it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead."[2]

Culpable Behavior on the Part of Defendants

Defendants contend that they have not exhibited culpable behavior because they were engaged in settlement negotiations which "demonstrate[d] their good-faith commitment to the resolution of this matter."[3]  Defendants have not explained, however, why their attorney did not enter an appearance during the settlement negotiations, file an answer or other responsive pleading on their behalf, or seek another extension of time in which to do so.  Despite having

---

[1] *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992); *accord Weiss v. St. Paul Fire & Marine Ins. Co.*, 283 F.3d 790, 794 (6th Cir. 2002); *see also United Coin Meter Co. v. Seaboard Coastline Railroad*, 705 F.2d 839, 844 (6th Cir. 1983).

[2] *Shepard Claims Service, Inc. v. William Darrah & Assoc.*, 769 F.2d 190, 194 (6th Cir. 1986).

[3] (Defs' Memo. p. 4, ECF No. 25-1.)

been involved in this dispute since October 2015, Mr. Boonswang did not even enter an appearance until after default was entered against Defendants. Only after the court requested a status report, issued a show cause order, and finally entered default did Mr. Boonswang enter an appearance.

For a defendant to be deemed culpable for the default, he "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on judicial proceedings."[4] The Court finds that Defendants' actions in failing to participate in this lawsuit before entry of default showed "a reckless disregard for the effect of [their] conduct on judicial proceedings" and that their conduct led to the entry of default.

Prejudice to Plaintiff

Plaintiff points out that, if default is set aside and this matter is allowed to proceed, Defendants will be able to assert that Plaintiff has wrongfully delayed payment of benefits allegedly owed under the life insurance.[5] If Defendants succeeded on a bad faith failure to pay claim based on delay, Plaintiff would be subject to a bad faith penalty, which would result in prejudice to Plaintiff.[6] Thus, this factor also militates in favor of Plaintiff.

Meritorious Defense

Defendants argue that their on-going settlement discussions with Plaintiff is evidence of a

---

[4] *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433 (6th Cir. 1996) (citations omitted).

[5] *See Fulton Bellows, LLC v. Fed. Ins. Co.*, 662 F. Supp. 2d 976, 996 (E.D. Tenn. 2009) (explaining that an insured may demonstrate the elements of a bad faith failure to pay by showing that (1) the insurance policy, by its terms, became due and payable; (2) a formal demand for payment was made; (3) the insured waited sixty days after making demand before filing suit; and (4) the refusal to pay was not in good faith) (citations omitted).

[6] *See* Tenn. Code Ann. § 56-7-105(a),

meritorious defense.[7] However, Defendants have not asserted that they had an agreement with Plaintiff to delay seeking default until the discussions were complete nor do they assert any actual defense to the claims for relief requested in the complaint. While a defense is meritorious if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default,"[8] Defendants must articulate a defense so that the Court can assess its merits. In this case, Defendants have not done so.

Because the motion to set aside default does not specify any defense, Defendants have failed to meet their burden of establishing this requirement of Rule 55(c).

Conclusion

Defendants have not established "good cause" under Rule 55(c). Defendants' conduct was willful, setting aside the default would prejudice Plaintiff, and Defendants have not shown that they possess a meritorious defense to the relief requested in the complaint for declaratory judgment. Accordingly, the motion to set aside default is **DENIED**, and Plaintiff may proceed with a motion for default judgment.

IT IS SO ORDERED.

**s/ S. Thomas Anderson**
S. Thomas Anderson
United States District Judge

Date: October 25, 2016

---

[7] (Defs' Memo. p. 3, ECF No. 25-1.) ("Such a conflict between spoken words by a party's counsel and their procedural behavior in this Court certainly constitute a valid and meritorious defense which is ripe for review by the Court.")

[8] *Burrell v. Henderson*, 434 F.3d 826, 834 (6th Cir. 2006) (citations omitted).